IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Auto Owners Insurance Company, )<br>             )<br>    Plaintiff, )<br>             )<br>vs. )<br>             )<br>Anita Reier, )<br>             )<br>    Defendant. )<br>_____)  | C/A No. 3:06-2288-MBS<br><br>**OPINION AND ORDER** |

   This is a complaint for declaratory judgment filed by Plaintiff Auto Owners Insurance Company on August 18, 2006, and amended November 28, 2006. Plaintiff issued an automobile insurance policy (the "Policy") to McNair Law Firm, P.A. ("McNair") on August 1, 2002. The Policy was in effect from August 1, 2002 to August 1, 2003. On or about December 20, 2002, Defendant Anita Reier, an employee of McNair, was injured in an automobile accident during the course and scope of her employment. She was driving her personal vehicle that she or a member of her household owned. Defendant thereafter submitted a claim to Plaintiff, contending that the policy issued to McNair provided underinsured motorist coverage to her. Plaintiff contends that Defendant was not driving an automobile covered under the Policy. Plaintiff seeks a judgment declaring whether the Policy provides underinsured motorist coverage to Defendant.

   This matter is before the court on Plaintiff's motion for summary judgment filed February 23, 2007. Despite inquiry from the court, Defendant has not responded to Plaintiff's motion. Accordingly, Plaintiff's motion is unopposed.

   The court has reviewed the record, motion, memorandum, and applicable law. The court concludes that Plaintiff's motion should be granted.

I. DISCUSSION

Plaintiff has moved for summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment "shall be rendered forthwith when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For the evidence to present a genuine issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The moving party has the burden of proving that there are no facts from which it would be open to a jury to make inferences favorable to the non-movant. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The opposing party may not rest on the mere assertions contained in the pleadings. Id. The court must view the record as a whole and in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indus. Inc., 763 F.2d 604 (4th Cir. 1985).

Law/Analysis

Plaintiff asserts that the Policy does not extend coverage to Defendant because she was driving her own vehicle at the time of the accident, and not one owned by the named insured, McNair. The court agrees.

Insurance policies are subject to general rules of contract construction. Coakley v. Horace Mann Ins. Co., 609 S.E.2d 437 (S.C. Ct. App. 2005) (quoting State Farm Mut. Auto. Ins. Co. v. Calcutt, 530 S.E.2d 896, 897 (S.C. Ct. App.2000)). Courts should give policy language its plain, ordinary and popular meaning. Id. Courts should not rewrite policy language or torture its meaning

to extend coverage never intended by the parties. Id. (citing Torrington Co. v. Aetna Cas. & Sur. Co., 216 S.E.2d 547, 550 (S.C. 1975)). When an insurance contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used. Id. (citing Century Indem. Co. v. Golden Hills Builders, Inc., 561 S.E.2d 355, 358 (S.C. 2002)).

The Policy contains the following relevant provisions:

> **a.     Liability Coverage – Bodily Injury and Property Damage**
>
> We will pay damages for **bodily injury** and **property damage** for which **you** become legally responsible because of or arising out of the ownership, maintenance or use of **your automobile** (that is not a **trailer**) as an **automobile**.

Plaintiff's Motion for Summary Judgment (Entry 27-3, p. 7).

> **COMPREHENSIVE AUTOMOBILE LIABILITY**
>
> It is agreed:
>
> 1.   **COVERAGE**
>
>      **SECTION II - LIABILITY COVERAGE** is extended:
>
>      a.   to any **automobile** (that is not a **trailer**) **you** own while operated in **your** business provided all **automobiles you** own that are licensed for use on public roadways, except any that are out of service because of mechanical breakdown or damage sustained in an accident, are scheduled in the Declarations on the inception date of the current policy term; and
>
>      b.   to any **automobile** (that is not a **trailer**) **you** do not own while operated in your business.
>
> 2.   **EXCLUSIONS**
>
>      The following exclusions apply in addition to those contained in **SECTION II - LIABILITY COVERAGE** of the policy. This coverage extension does not apply to:

>               . . . .
>
>       c.      **your** employee, if the **automobile** is owned by such employee or any member of the employee's household.

Id., p. 24.

**UNDERINSURED MOTORIST COVERAGE**

> . . . .
>
> 2.    **COVERAGE**
>
>       a.      **We** will pay damages any person is legally entitled to recover from the owner or operator of an **underinsured automobile** for:
>
>               (1)     **bodily injury** sustained when occupying or getting into or out of an **automobile** which is covered by **SECTION II - LIABILITY COVERAGE** of the policy; and
>
>               (2)     **property damage** to **your automobile** and to property of **yours** or a **relative**.

Id., p. 26.

The "Definitions" section of the Policy defines "your automobile" as "the automobile described in the Declarations." Id., p. 6. Defendant admits that the Policy does not specifically name her automobile as an insured vehicle. See Answer of Defendant Anita Reier to the Plaintiff's Amended Complaint (Entry 22), ¶ 7. However, it appears from Defendant's answer that she contends she is entitled to coverage pursuant to the Policy provision that extends coverage "to any automobile (that is not a trailer) you do not own while operated in your business." Id.

As Plaintiff notes, the provision cited by Defendant is limited by the Policy language that denies coverage to "your employee, if the automobile is owned by such employee or any member of the employee's household." The only evidence is that at the time of the accident Defendant was

4

driving an automobile owned by her or a member of her household. Accordingly, Defendant cannot claim the benefit of the extension of liability coverage or underinsured motorist coverage. Plaintiff's motion for summary judgment is granted.

## II. CONCLUSION

For the reasons stated, Plaintiff's motion for summary judgment is **granted**. The court declares that Defendant is not an insured under the terms of the Policy and is not entitled to underinsured motorist coverage under the Policy.

**IT IS SO ORDERED**,

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

April 23, 2007.